

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 4, 2019

Scott M. Green, Esq.
2590 Brighton-Henrietta Townline Rd.
Rochester, New York 14623

**Re: United States v. Christine Wright-Darrisaw, 18 Cr. 6065 (BKS)**

Dear Counsel:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from CHRISTINE WRIGHT-DARRISAW ("the defendant") to Count One of the above-referenced Indictment. Count One charges the defendant with influencing, impeding, and retaliating against a federal official, in violation of Title 18 United States Code, Sections 115(a)(1)(B) and (b)(4), and carries a maximum term of imprisonment of 10 years, a maximum term of supervised release of three years, a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense, and a $100 mandatory special assessment.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for threatening to assault and kill the Hon. Judge Frank P. Geraci, Jr., Chief Judge, United States District Court for the Western District of New York, on or about December 15, 2017, as described in Count One of the above-captioned Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he/she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1. The November 1, 2018 edition of the Guidelines manual applies.

2. The Guideline applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2A6.1.

3. Pursuant to U.S.S.G. § 2A6.1(a)(1), the base offense level is 12.

4. Pursuant to U.S.S.G. § 3A1.2(b), because §§ 3A1.2(a)(1) and (2) apply because the victim was a government officer or employee and the offense of conviction was motivated by such status, and because the applicable guideline for the offense conduct is from Chapter 2, Part A, six offense levels are added.

5. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 15.

**B. Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has eight criminal history points.

1. On or about May 16, 2014, as amended on May 10, 2015, the defendant was convicted of making a threat against the President, in violation of Title 18, United States Code, Section 871, and making a false statement, in violation of Title 18, United States Code, Section 1001(a)(2). The defendant was sentenced to twenty seven months' imprisonment. Pursuant to U.S.S.G. § 4A1.1(a), these convictions yield three criminal history points. Pursuant to U.S.S.G. § 4A1.1(d), two criminal history points are added because the instant offense was committed while the defendant was under federal supervised release.

2. On or about February 25, 2014, the defendant was convicted of menacing in the second degree, in violation of New York Penal Law Section 120.14, and was sentenced to a conditional discharge. Pursuant to U.S.S.G. § 4A1.1(c), this conviction yields one criminal history point.

3. On or about December 1, 2010, the defendant was convicted of falsifying business records in the first degree, in violation of New York Penal Law Section 175.10, and criminal purchase of a weapon, in violation of New York Penal Law Section 265.17. The defendant was

sentenced to 90 days' imprisonment. Pursuant to U.S.S.G. § 4A1.1(b), this conviction yields two criminal history points.

4. On or about July 7, 2000, the defendant was convicted of interfering/resisting with an officer, in violation of Connecticut Penal Code Section 53a-167a, and failure to appear in the second degree, in violation of Connecticut Penal Code Section 53a-173. The defendant was sentenced to one year's imprisonment, and one year suspended. Pursuant to U.S.S.G. § 4A1.2(e), this conviction yield zero criminal history points because it occurred more than 10 years prior to the defendant's commencement of the instant offense conduct.

5. On or about October 21, 1998, the defendant was convicted of petit larceny, in violation of New York Penal Law Section 155.25, and was sentenced to a conditional discharge with community service. Pursuant to U.S.S.G. § 4A1.2(e), this conviction yield zero criminal history points because it occurred more than 10 years prior to the defendant's commencement of the instant offense conduct.

In accordance with the above, the defendant's Criminal History Category is IV.

**C. Sentencing Range**

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 30 to 37 months' imprisonment (the "Stipulated Guidelines Range"). However, in view of the unique circumstances of this case—including the defendant's mental health history, among other considerations under Title 18, United States Code, Section 3553(a)—the parties agree to recommend that the Court impose a sentence of time-served, to be followed by three years of supervised release[1] (the "Stipulated Sentence"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 15, the applicable fine range is $7,500 to $75,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

---

[1] The parties further agree to recommend that the Court impose special conditions of supervised release, that:

1. The defendant is to participate in a mental health treatment program, including a mental health evaluation and any treatment recommended.
2. The defendant shall reside at an inpatient psychiatric treatment facility or a supervised apartment setting as directed by Probation.
3. The defendant shall adhere to all medications prescribed by a treating psychiatrist and comply with the dosage and frequency prescribed, which may include long-term injectable antipsychotic medication to be administered in a supervised setting.

The parties agree not to seek a sentence outside of the Stipulated Sentence, or suggest in any way that the Probation Office or the Court consider a sentence outside of the Stipulated Sentence.

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within any such other range as the Court may determine (but only if different from the Stipulated Sentence) the defendant should be sentenced; (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that her entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw her plea of guilty should the sentence imposed by the Court be outside the Stipulated Sentence set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 30 to 37 months' imprisonment and (ii) that the Government will not appeal any sentence within or

above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $75,000, and the Government agrees not to appeal any fine that is greater than or equal to $7,500. The defendant also agrees not to appeal any special assessment that is less than or equal to $100. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that she has accepted this Agreement and decided to plead guilty because she is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw her plea or to attack her conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if she is not a citizen of the United States, her guilty plea and conviction make it very likely that her deportation from the United States is presumptively mandatory and that, at a minimum, she is at risk of being deported or suffering other adverse immigration consequences. The defendant acknowledges that she has discussed the possible immigration consequences (including deportation) of her guilty plea and conviction with defense counsel. The defendant affirms that she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that the defendant will have no right to withdraw her guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge her conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from her guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the

commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

The parties understand that this Agreement reflects the special facts of this case and is not intended as precedent for other cases.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

WILLIAM P. BARR
Attorney General of the United States

GEOFFREY BERMAN
United States Attorney for the
Southern District of New York

by: _____
Brett M. Kalikow
Special Attorney
(212) 637-2220
brett.kalikow@usdoj.gov

APPROVED:

_____
Rebecca Mermelstein
Co-Chief, General Crimes Unit

Rev. 04.24.2018

AGREED AND CONSENTED TO:

_____          __4/11/19_____
Christine Wright-Darrisaw                                DATE


APPROVED:

_____          __4/11/19_____
Scott M. Green, Esq.                                     DATE
Attorney for Christine Wright-Darrisaw